UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HONORIO DE JESUS MARTINEZ,<br><br>              Petitioner,<br><br>    v.<br><br>KRISTI NOEM, et al.,<br><br>              Respondents. | Case No. 2:26-cv-00089-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.   INTRODUCTION AND BACKGROUND

Petitioner Honorio De Jesus Martinez is an individual who is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington on the charge that he is unlawfully present in the United States without admission or parole. Dkt. 4 ¶¶ 6–7. He entered the United States in 2001 and was first apprehended by immigration officers in February 2012, at which point the government commenced removal proceedings against him. Dkt. 1 ¶¶ 1–2, 24, 26; Dkts. 1-1, 1-2. In April 2012, an Immigration Judge ("IJ") granted his request for release from immigration custody under an $8,000 bond. Dkt. 1-3. In 2016, an IJ administratively closed his removal proceedings. Dkt. 1-7.

From 2016 to 2025, De Jesus Martinez had no further encounters with immigration enforcement officials. Dkt. 1 ¶ 30. Then, on November 25, 2025, immigration officers

apprehended him again in Portland, Oregon. Dkt. 4 ¶¶ 6–7, 20. He was then transferred to NWIPC. *Id.* ¶ 13.

On January 9, 2026, De Jesus Martinez filed a petition for writ of habeas corpus arguing that Respondents violated his due process rights by re-detaining him without prior notice or a meaningful pre-deprivation hearing. Dkt. 1 ¶¶ 51–54. Three days later, he filed an amended habeas petition arguing that he was unlawfully subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. 4 ¶¶ 27–32. On January 23, Federal Respondents filed a return addressing the arguments in the amended petition. Dkt. 7. De Jesus Martinez filed a traverse the same day. Dkt. 8. The amended habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, in *Rodriguez Vazquez v. Bostock*, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

On November 25, 2025, in *Maldonado Bautista v. Santacruz*, the U.S. District Court for the Central District of California certified a Bond Eligible Class, comprised of the following individuals:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025). The court then granted declaratory relief to members of the Bond Eligible Class and vacated a Department of Homeland Security policy requiring Immigration and Customs Enforcement agents to treat every person who entered the United States without inspection as "seeking admission" under 8 U.S.C. § 1225(b)(2) and thereby subject to mandatory detention. *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ----, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *1, *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

In the amended habeas petition, De Jesus Martinez argues that he is a member of the *Maldonado Bautista* Bond Eligible Class. Dkt. 4 ¶¶ 27–32. Federal Respondents express their disagreement with *Maldonado Bautista* and *Rodriguez Vazquez*, but they do not oppose De Jesus Martinez being considered a member of the *Rodriguez Vazquez* Bond Denial Class for the

purposes of this habeas case. Dkt. 7 at 3. However, they assert—without citation to any authority—that De Jesus Martinez cannot claim membership in "both classes simultaneously." *Id.* In the traverse, De Jesus Martinez argues that he is a member of both classes. Dkt. 8 at 3.

The Court agrees with the parties that De Jesus Martinez is a member of the *Rodriguez Vazquez* Bond Denial Class. And given the substantial similarity between the two class definitions, any noncitizen detained at NWIPC who is eligible for membership in the *Maldonado Bautista* Bond Eligible Class will likely be a member of the *Rodriguez Vazquez* Bond Denial Class. Having so concluded, the Court incorporates the reasoning of *Rodriguez Vazquez* and finds that De Jesus Martinez is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. De Jesus Martinez has thus shown that his mandatory detention under § 1225(b) violates the Immigration and Nationality Act, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

Although De Jesus Martinez's previous removal proceedings were administratively closed in 2016, the closure order explains that "[t]his case remains under the jurisdiction and docket control of the immigration court." Dkt. 1-7 at 2. There is nothing in the record that demonstrates a change in circumstance with respect to the bond order previously issued in those removal proceedings. The Court therefore concludes that the appropriate relief in this case is to order the reinstatement of De Jesus Martinez's previous bond. *See* Dkt. 1-3.

The Court also notes that while the amended petition does not expressly withdraw De Jesus Martinez's due process claim, *see* Dkt. 4 ¶¶ 1–2, it no longer includes it, and neither the return nor the traverse addresses his due process arguments. De Jesus Martinez's due process claim is therefore DISMISSED without prejudice.

### IV.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

1.  The petition for writ of habeas corpus (Dkt. 4) is GRANTED.

2.  Within ONE day of this Order, Respondents must release Petitioner Honorio De Jesus Martinez on the terms of the custody order issued by Immigration Judge Tammy Fitting on April 9, 2012. *See* Dkt. 1-3.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 4th day of February, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5